LOUIS JOHNSON, v. THE STATE OF KANSAS.

No. 12,864.   (71 Pac. 267.)

SYLLABUS BY THE COURT.

APPEAL BOND — *Effect of Expiration of Court of Appeals—Sureties Held.* Before the court of appeals expired by limitation of law, a party defendant who was convicted of a misdemeanor appealed to that court from the district court, and executed a bond conditioned to abide and perform the judgment and decision of the court of appeals and thereby obtained a stay of sentence. When the court of appeals ceased to exist, the cause, not having been reached for hearing in that court, was transferred, together with the files and papers in the case, to this court, where the judgment of the district court was affirmed. In an action on the bond, *held*, that the sureties contracted in contemplation of the expiration of the life of the court of appeals, and that section 21 of chapter 96, Laws of 1895, providing for a transfer of causes to this court in such event, and their final determination here, became a part of the bond to the same extent as if it had been expressly incorporated therein.

Error from Doniphan district court; WILLIAM I. STUART, judge.   Opinion filed January 10, 1903.   Affirmed.

*D. O. Potts*, and *Henry Elliston*, for plaintiff in error.

*S. M. Brewster*, county attorney, for The State.

The opinion of the court was delivered by

SMITH, J.: In April, 1900, Frank W. Elliott was convicted of a misdemeanor in the district court, fined $100, and sentenced to confinement in the county jail.   He filed with the clerk of the court of appeals, northern department, eastern division, a transcript of the proceedings and applied to one of the judges to determine the amount of bond to stay execution.   The amount was fixed at $300.   The condition of the obligation given by him reads :

"The condition of this obligation is such that if

the said Frank W. Elliott shall, on the order or judgment of said court of appeals, northern department, eastern division, surrender himself to the sheriff of Doniphan county, and shall in all respects abide and perform the judgment and decision of said court in this action, then this obligation shall be null and void; otherwise to remain in full force and effect."

The bond was approved and filed on April 18, 1900. Plaintiff in error was one of the sureties.

The court of appeals went out of existence by operation of law on the second Monday in January, 1901, and before Elliott's appeal could be reached for hearing. The cause was certified to this court, under the direction of section 21, chapter 96, Laws of 1895, which reads:

"SEC. 21. When the courts of appeals shall cease to exist by limitation of law, all cases then pending and undetermined therein shall be certified and delivered by the clerks of said courts to the clerk of the supreme court; and the clerks of the courts of appeals shall also deliver all the dockets, books, files and stationery belonging to the courts of appeals to the clerk of the supreme court, who shall thereafter keep and preserve the same; and the supreme court shall hear and determine said undetermined cases as if the same has been brought directly from the district court, or other inferior court, to the supreme court by proceedings in error."

At the May session of the January, 1901, term of this court the judgment of conviction against the appellant was affirmed, and an order made forfeiting the appeal bond. (*The State v. Elliott*, 63 Kan. 879, 64 Pac. 1027.) Thereafter this action was commenced against Johnson, the surety, and judgment rendered against him in the court below. Of this he complains.

It is insisted by counsel for plaintiff in error that the surety can be held to the strict letter of his con-

tract only, and that, the bond being conditioned that the appellant would abide and perform the judgment of the court of appeals, such condition was not violated by his failure to surrender himself to the sheriff after the supreme court had affirmed the judgment of conviction. Many adjudged cases are cited in support of this contention, but none of them is founded on facts like the case at bar.

The court of appeals was created to relieve the crowded docket of this court. (Laws 1895, ch. 96.) The jurisdiction of the supreme court in misdemeanor cases was suspended during its temporary existence. (*Railway Co. v. Morris*, 65 Kan. 532, 70 Pac. 651.)

Section 9 of the law creating the court of appeals gave the supreme court power to certify up, and review, any judgment rendered by the court of appeals in either a civil or a criminal case.

Too strict a construction of the obligation of the surety to perform the conditions of this bond might have operated to his detriment. If Elliott's appeal had been heard in the court of appeals, and the judgment of the trial court affirmed, the literal terms of the bond would have required the appellant to abide by, and perform, such judgment, although this court might thereafter, in the exercise of its supervisory power over the judgments of the court of appeals, have reversed the case and ordered a new trial. The appeal bond on which the judgment under review was founded must be read and construed as if section 21 of chapter 96, Laws of 1895, above set out, was incorporated into it. The bond was executed in contemplation of the expiration of the court of appeals before the appeal could be heard in that court, in which event the supreme court, *ipso facto*, took all the files in the case and proceeded with it, with the same jurisdiction it had

before the court of appeals was created. (*Williams et al. vs. McDaniel, Governor*, 77 Ga. 4; *Mix v. Vail et al.*, 86 Ill. 40; *Howell v. Alma Milling Co.*, 36 Neb. 80, 54 N. W. 126, 38 Am. St. Rep. 694.)

It will be noticed that under section 21 of chapter 96, Laws of 1895, above quoted, upon the expiration of the court of appeals all cases pending therein, together with all dockets, papers, files, etc., were required to be certified and delivered to the clerk of this court, with a provision in the same section that the supreme court should proceed to hear and decide all cases so certified to it for disposition. In compliance with this section of the law the bond, transcript and other papers in the matter of Elliott's appeal were certified and delivered to the clerk of this court, a consummation of which the surety on this bond was apprised in advance by the law itself, and in contemplation of which he contracted.

In *Greer et al. v. McCarter*, 5 Kan. 17, 22, a conveyance of real estate was made in August, 1865, without any express agreement between the parties concerning which one should pay the taxes for that year. Section 12 of an act approved March 6, 1862, (Comp. Laws 1862, ch. 198, § 12), was in force at the time, providing that on lands conveyed prior to the 1st of April the grantee should pay the taxes, but if transferred after that date then the grantor should pay them. The court said :

"This section was in force, as an existing and valid law, at the time Greer sold the lands to McCarter. Both parties, of course, knew what the law was, for every person is presumed to know the law, and '*Ignorantia legis neminem excusat.*' Both parties, knowing what the law was, contracted with reference to it. It entered into and formed a part of their contract. Their contract was precisely the same as though they

had attached said section 12 to their contract and ex-
pressly made it a part thereof." (See, also, *Deering
v. Boyle*, 8 Kan. 525, 532, 533, 12 Am. Rep. 480.)

The judgment of the court below will be affirmed..
All the Justices concurring.