Maude Youmans v. The Board of County Com-
missioners of the County of Wyandotte.
No. 13,346.   (74 Pac. 617.)

SYLLABUS BY THE COURT.

1. Office and Officers— *Commissioners of Wyandotte County
   —Employment of Help.*  The board of county commissioners of
   Wyandotte county are authorized by chapter 117, Laws of 1899,
   to employ help in the office of the county clerk when in their
   judgment they deem the same necessary, and, in the absence of
   fraud or collusion, their conclusion cannot be reviewed by the
   courts.

2. ——— *Action for Salary by Assistant to County Clerk—
   Erroneous Instruction.*  In an action to recover upon a contract
   of employment entered into by the county commissioners of Wy-
   andotte county with the plaintiff, by which she was employed to
   perform services in the office of the county clerk of said county,
   where there is no fraud or collusion charged it is error for the
   court to instruct the jury substantially that, in determining the
   liability of the county, they should determine from the evidence
   whether the commissioners, in making the contract of employ-
   ment, deemed the plaintiff's services necessary, and whether they
   exercised a fair judgment as to the necessity for such clerical
   help, or employed her from capricious motives.

Error from Wyandotte court of common pleas;
William G. Holt, judge.   Opinion filed December
12, 1903.   Reversed.

*McGrew, Watson & Watson,* and *Junius W. Jenkins,*
for plaintiff in error.

*James S. Gibson,* and *B. S. Smith,* for defendant in
error.

The opinion of the court was delivered by

Greene, J. :  The plaintiff sued Wyandotte county
on a contract of employment alleged to have been
made with her by its board of county commissioners
January 8, 1900, to perform services as a clerk in the

office of the county clerk at a monthly salary of seventy dollars for one year.   To her petition the county pleaded a general denial, and also that at the time of the alleged employment there was no necessity for the services of plaintiff in said office ; that the county clerk appeared before the board of county commissioners and protested against such employment, asserting that he had all the assistance necessary ; and that the commissioners had no authority, over the protest of the county clerk, to enter into the alleged contract of employment.   Judgment was for defendant, to reverse which plaintiff prosecutes error.

The fact of employment was not disputed at the trial.   It was practically conceded in the pleadings and in the opening statement of counsel, and the evidence on this question was uncontradicted.   The litigated question was whether the commissioners had authority, in the absence of any showing that additional assistance was necessary, and over the protest of the county clerk, to enter into the alleged contract of employment and thus bind the county.   The answer to this question depends upon whether the legislature, by chapter 117, Laws of 1899, gave them such authority.   This chapter reads :

"That the county commissioners of Wyandotte county, Kansas, be and are hereby authorized to hire help and pay for the same in the various county offices of said county, namely, county attorney, county treasurer, clerk of the district court, clerk of the court of common pleas, probate judge, sheriff and county clerk of said county; when in their judgment they deem the same necessary."

Language could hardly be more expressive of an intention to confer such power, and its exercise is not made to depend upon the request or objection of the occupant of the office.   In determining the necessity

and whether they will employ such help, the commissioners are not confined in their investigation to knowledge acquired from the holder of the office, but may act upon information derived from any source. In the absence of fraud or collusion their determination cannot be made the subject of investigation by a court. (*Comm'rs of Harper Co. v. The State, ex rel.*, 47 Kan. 283, 27 Pac. 997 ; *Symns v. Graves*, 65 id. 628, 70 Pac. 591.)

Plaintiff contends that the court erred in giving the following instruction :

"Under the law of this state the county clerk has the right to appoint deputies, and those deputies may be of his own choosing. · There is another law of this state which gives the board of county commissioners the right to employ clerks in certain offices of this county, among which is the office of county clerk. The ground on which the authority is given to the board of county commissioners to employ a clerk in the office of the county clerk is when, in their judgment, they deem the same necessary. Without the exercise of such judgment they can make no valid employment. This judgment cannot be exercised in any capricious or unnecessary manner. It must be the result of careful investigation, from which they arrive at the conclusion that the needs of the office are such that the employment of a clerk is necessary. So that, in this case, if you believe from the evidence that the defendant board of county commissioners, at the time they passed the resolution employing the plaintiff to work in the office of the county clerk, deemed that her services in such office were necessary, and that they did not employ her from any capricious motive, but exercised a fair judgment as to the necessity of clerical help in the county clerk's office, and that they did not employ her solely on the belief that the county clerk intended to appoint her as one of his deputies, but from the necessity of clerical help in the county clerk's office as it appeared to them, if

it did so appear, then the plaintiff is entitled to recover judgment against the defendant, and in such case she is entitled to recover compensation for the sum of $70 per month, for a period of one year from the 8th day of January, 1900, with interest thereon at the rate of six per cent. per annum from the time the several amounts become due, less such sum as, by reasonable efforts upon her part, she has been able to earn within that time.''

We think her contention in this respect must be sustained. The only questions to be determined in this litigation were, Did the commissioners employ the plaintiff as alleged in her petition, and if so, did she perform the services for which she was employed? Or, if not, did she at all times hold herself in readiness so to perform them?

Whether the commissioners employed plaintiff out of caprice, or did not exercise a fair judgment in her employment, or whether her services were actually necessary in the office of the county clerk, are not questions that she must litigate before recovery can be had on the contract. These are all matters within the exclusive knowledge of the commissioners, and she was not required to investigate and inform herself upon such questions before accepting employment. The commissioners were the legal representatives of the county, with authority to employ such help, and the plaintiff could well assume, and rely upon the assumption, that they were performing their duty. Having entered into the contract, they will not now be heard to say that they did not at the time deem her services necessary, or that they were acting capriciously, or did not exercise their best judgment. So long as there was no collusion or bad faith attributable to either party, the contract of employment, if made by the commissioners, is binding upon the county.

The rights of the county clerk, in case the county commissioners should undertake to force upon him assistance which was objectionable to him, are not involved in this controversy.

The judgment of the court below is reversed, and the cause remanded for further proceedings.

All the Justices concurring.