Roy J. Roth v. The County Commissioners of
the County of Ness.

**No. 13,734.**   (77 Pac. 694.)

SYLLABUS BY THE COURT.

FEES AND SALARIES—*Liability of County for Clerk Hire in Treasurer's Office.* Under the provisions of section 3024 of the General Statutes of 1901 a county is not liable for clerk hire in the office of its treasurer unless the board of county commissioners has made an allowance therefor in such sum, within the statutory limit, as it deemed necessary.

Error from Ness district court; CHARLES E. LOBDELL, judge.   Opinion filed July 7, 1904.   Affirmed.

*N. H. Stidger*, for plaintiff in error.

*Foulks & Wilson*, for defendant in error.

The opinion of the court was delivered by

BURCH, J. : The treasurer of Ness county employed a deputy to assist him in the performance of the duties of his office.   The board of county commissioners neither authorized the employment nor contracted to pay for the services rendered.   A bill to the county by the deputy for his wages was rejected.   On appeal, the district court found that it was necessary for the treasurer to have a deputy during the period covered by the bill and that the charges made were reasonable, but denied relief on the ground that it was entirely discretionary with the board of county commissioners to allow clerk hire, and that it had not done so.

The judgment of the district court was correct.   So much of the controlling statute as is applicable to the case reads as follows :

"The county treasurers of the several counties of the state shall be allowed by the board of county com-

missioners of their respective counties, as full compensation for their services for the county, the following salaries, to be paid out of the county treasury in quarterly instalments :  .  .  .  provided, that the county commissioners of the several counties may allow the following sum, or as much thereof as they may deem necessary, for clerk hire : In counties having a population of more than 2500 and not more than 6000, per annum, $300." (Gen. Stat. 1901, § 3024.)

If the legislature had intended to force out of the treasury $300 per annum, or any part of that sum, for clerk hire it would have said so.  Instead of announcing such to be its purpose, it left the matter to the determination of the board of county commissioners.  No other tribunal has any power or authority to decide the question, and until the board deems it necessary and makes an allowance no money for clerk hire can be drawn.  The deputy says the words "may allow" in the statute mean "must allow."  Grant that to be a correct interpretation, still only so much of the $300 per annum as the board deems necessary can be allowed.  If it deem no part of that sum to be necessary, nothing can be paid.  However, the word "may" in the connection referred to is purely permissive.

The general rule adverted to in *Phelps v. Lodge*, 60 Kan. 122, 55 Pac. 840, that "where public authorities are authorized to perform an act for the benefit of the public, or for an individual who has a right to its performance, the word 'may' is interpreted as meaning 'must,'" has no application, because the question of public benefit through an appropriation for clerk hire can be determined only by the board of county commissioners.  The opinion of the treasurer, or of the deputy, or of the district court, or of this court, upon that subject is entirely immaterial.

(*Youmans v. Wyandotte County*, 68 Kan. 104, 74 Pac. 617.) And no individual has any right in the matter unless the public necessity has been properly found to require an allowance for clerk hire, and an allowance has been duly made.

The judgment of the district court is affirmed.

All the Justices concurring.