No. 26,967.

The Great Western Portland Cement Company, *Plaintiff,* v. The Public Service Commission et al., *Defendants.*

### SYLLABUS BY THE COURT.

1. STATUTES—*Revision—Omitted Sections Repealed.* The section of the statute, originating in 1883, authorizing the commission charged with the regulation of railroad rates to make a finding that a rate previously charged was excessive, and by what amount, was repealed by having been omitted from the revision of 1923.

2. SAME—*Construction—Investigation of Rates Charged by Carrier.* The provisions of the section referred to in the foregoing paragraph are not covered by the statute authorizing various investigations by the public service commission.

3. CARRIERS—*Rates—Effect of Fixed Tariff Schedule on Finding of Previous Unreasonable Charge.* Inasmuch as under the present system of regulating rates a carrier can charge neither more nor less than those fixed in the tariff schedules on file, there is no occasion for a finding by the public service commission as to whether a rate previously charged in accordance with the then existing tariff was unreasonable and unjust.

Original proceeding in mandamus. Opinion filed July 10, 1926. Motion to quash alternative writ allowed.

*Fred S. Jackson, Thomas C. Forbes, James E. Smith,* all of Topeka, and *B. L. Glover,* of Kansas City, Mo., for the plaintiff.

*M. J. Healy, John M. Kinkel* and *Henry V. Gott,* all of Topeka, for the defendants.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong, Luther Burns, John DuMars, T. M. Lillard, Bruce Hurd, O. B. Eidson,* all of Topeka, *R. R. Vermilion, W. F. Lilleston,* both of Wichita, *W. P. Waggener, J. M. Challiss,* both of Atchison, *W. W. Brown* and *C. E. Pile,* both of Parsons, as *amici curiæ.*

The judgment of the court was delivered by

MASON, J.: The Great Western Portland Cement Company complained to the public service commission that certain railroads, prior to May 3, 1925, had charged and collected from it, for transportation of crude oil within the state, rates that were unjustly and unreasonably high. The company asked the commission to find that such rates were unjust and unreasonable and to find what rates at that time would have been just and reasonable. The commission re-

Carriers, 10 C. J. p. 414 n. 81.   Statutes, 36 Cyc. p. 1080 n. 52.

fused, on the ground that it was without jurisdiction. The company then obtained in this court an alternative writ of mandamus to require such action. The case has been submitted upon the commission's motion to quash the alternative writ.

The railroad commission act of 1883 contained this provision:

"No railroad company shall charge, demand or receive from any person, company or corporation, an unreasonable price for the transportation of persons or property, or for the hauling or storing of freight, or for the use of its cars, or for any privilege or service afforded by it in the transaction of its business as a railroad company. And upon complaint in writing, made to the board of railroad commissioners, that an unreasonable price has been charged, such board shall investigate said complaint, and if sustained shall make a certificate under their seal, setting forth what is a reasonable charge for the service rendered, which shall be *prima facie* evidence of the matters therein stated." (Laws 1883, ch. 124, § 11.)

The act, having been repealed in 1898, was restored with some changes in 1901. The section quoted was reënacted without change except that "persons or property" became "persons and property," "privilege or service" became "privilege of its service," and "matters" became "matter." (Laws 1901, ch. 286, § 21.) The section was omitted from the Revised Statutes of 1923. The plaintiff contends that its omission was because of the opinion of an employee of the revision committee, which must be regarded as having been tacitly adopted by that committee and by the legislature, to the effect that it was superfluous because its provisions were covered by two sections of the public utilities act of 1911 (Laws 1911, ch. 238, §§ 14, 16, R. S. 66-111, R. S. 66-113); that if the sections referred to do not explicitly cover the provisions they do so by implication, their language being ambiguous in that regard and such construction being one to be favored in view of the facts stated, as in accordance with the intent of the legislature and the spirit of the statute.

The defendants assert that the section quoted, which is relied upon by the plaintiff, is no longer in force, by reason of having been omitted from the Revised Statutes; that its provisions are not covered by any other statute; that it would in any event be invalid as attempting to confer pure judicial power on an administrative body; and that the plaintiff is without remedy because the rate of which it complains was fixed by the then established tariff, which was necessarily legal until set aside.

1. The omission of the section in question from the revision amounted to its repeal. It can hardly be conclusively presumed

that the legislature omitted it upon the theory that it was super-fluous, but even in that case the presumption would not avail to preserve its force. A belief on the part of the legislature itself that the omitted statute was covered by remaining provisions, if such were not the fact, could not constrain the courts to so hold. If other sections of the statute contained ambiguous language open to a con-struction which would make them cover the omitted section, a pre-sumption that the legislature omitted it as superfluous might be a reason for favoring that interpretation, but could affect the matter no further.

2. The sections of the existing law which are relied upon by the plaintiff as covering the same ground as the omitted section con-tain this language, the parts here printed in italics being those italicized in the plaintiff's brief:

"Upon a complaint in writing made against any common carrier . . . by any taxpayer, firm, corporation or association, that any of the rates or joint rates, fares, tolls, charges, . . . of such common carrier are in any respect unreasonable, unfair, unjust, unjustly discriminatory or unduly pref-erential, or both, or that any regulation, practice or act whatsoever affecting or relating to any service *performed or to be performed* by such public utility or common carrier for the public, is in any respect unreasonable, unfair, un-just, unreasonably inefficient, insufficient, unjustly discriminatory or unduly preferential . . . the commissioners shall proceed, with or without notice, to make such investigation as they may deem necessary. The commissioners may, upon their own motion, and without any complaint being made, proceed to make such investigation, but no order affecting such rates, joint rates, tolls, charges, rules, regulations and classifications, schedules, practices or acts complained of shall be made or entered by the commission without a formal public hearing, of which due notice shall be given by the commission to such public utility or common carrier or to such complainant or complainants, if any. . . ." (R. S. 66-111.)

"If upon such hearing and investigation the rates, joint rates, fares, tolls, charges, . . . or schedules of such common carrier . . . are found to be unjust, unreasonable, unfair, unjustly discriminatory or unduly preferential, or in anywise in violation of the provisions of this act, or of any of the laws of the state of Kansas, the public utilities commission shall have the power to fix and establish, and to order substituted therefor, such rates, joint rates, fares, tolls, charges . . . or schedules as it shall find, determine or decree to be just, reasonable and necessary; . . . All orders and decisions of the public utilities commission whereby any *rates,* joint rates, fares, tolls, *charges,* rules, regulations, classifications, schedules, practice or act *relating to any service performed* or to be performed by such . . . common carrier for the public. *are altered, changed, modified, fixed or established,* shall be reduced to writing, and a copy thereof, duly certified, shall be served on the . . . common

carrier affected thereby, by registered mail; and such order and decision shall become operative and effective within thirty days after such service, and such public utility or common carrier shall, unless an action is commenced in a court of proper jurisdiction to set aside the findings, orders and decisions of said public utilities commission, or to review and correct the same, carry the provisions of said order into effect." (R. S. 66-113.)

The statute also contains these provisions upon which the plaintiff also in part relies: That it is the duty of the carrier to establish just and reasonable rates, and every unjust rate demanded, exacted or received is prohibited and declared to be unlawful and void (R. S. 66-107); that the grants of power to the public service commission shall be liberally construed, and that all incidental powers necessary to carry the act into effect are expressly conferred upon it (R. S. 66-141); and that the commission shall furnish copies of rates or orders which shall be admissible in evidence in any suit, and sufficient to establish the fact that any rate or order therein contained, which might be in issue, is the official act of the commission, and such determinations or orders of the commission shall be *prima facie* evidence of the reasonableness and justness of the rates (R. S. 66-151).

The language of the present statute does not appear to us to give authority, expressly or by fair or even liberal interpretation, for the commission to make findings as to the reasonableness of a rate previously charged or as to what rate would at that time have been reasonable. We do not think a purpose to grant such a power is to be inferred from the use of the phrase "performed or to be performed" in describing the services and acts which the commission is to investigate. The purpose served in having the commission find that a carrier has overcharged a customer is obviously different from the purpose back of conferring upon it power to fix rates for the future. A Canadian case is cited as supporting a different view (*Canadian Pac. R. Co. v. Canadian Oil Co.*, 47 Can. S. C. R. 155; 19 D. L. R. 64), but the statute there construed is sufficiently different from our own in language and history as to admit of a ready distinction. The statute authorizing the commission to find that a rate formerly charged was excessive to a specified extent was enacted in the early stages of attempted rate regulation, before the era of officially approved tariffs. It was preserved unchanged until its omission from the revision of 1923. If it had been retained it would have been inoperative to the extent of any conflict with

late statutes, although both had been reënacted at the same time. (*Arkansas City v. Turner, State Auditor*, 116 Kan. 407, 226 Pac. 1009.)   A plausible reason for the omission of the earlier section might be based upon the theory of inconsistency.   We see no occasion for reading anything into the statute on the theory of some inadvertent omission.

3.  A consideration, however, which we regard as clearly controlling, and which does away with the occasion for a fuller discussion of the matters already mentioned, is this:   Rates of carriers are now fixed by the tariff sheets on file.   A carrier can lawfully charge neither more nor less than the rate so fixed.   This condition has existed for many years.   The alternative writ of mandamus indicates the time at which the overcharges were made which are the basis of its complaint no more definitely than to say that it was "prior to May 3, 1925."   The presumption is that the charges complained of were in accordance with a then existing rate sheet, there being no allegation to the contrary.   That being the case, there is no occasion for the commission to make an inquiry or finding as to whether the rate was reasonable.   The following cases, while not involving statutes identical in language with our own, apply the same principle:   *Steel Corporation v. Pub. Serv. Com.*, 90 W. Va. 74; *E. L. Young Heading Co. v. Payne*, 127 Miss. 48; *Texas & P. Ry. Co. v. Railroad Commissioners*, 137 La. 1059; *Santa Fe G. & C. M. Co. v. A., T. & S. F. Ry. Co.*, 21 N. M. 496; *Utah-Idaho C. Ry. Co. v. Pub. U. Com.*, 64 Utah, 54; *Murphy v. N. Y. C. R. R. Co.*, 225 N. Y. 548.   This view makes it unnecessary to consider whether the omitted section, if it had been retained in the revision, would be constitutional.

The motion to quash the alternative writ is sustained.