No. 32,787

ED. CUNNINGHAM, *Appellee*, v. HARRY SMITH, F. F. FREDERICK and CHARLES HORNBAKER, as County Commissioners of the County of Reno, *Appellants*.

(53 P. 2d 870)

Opinion filed January 25, 1936.

*Wesley E. Brown* and *J. Richards Hunter*, both of Hutchinson, for the appellants.

*Eustace Smith, J. N. Tincher, Clyde Raleigh* and *Leaford F. Cushenbery*, all of Hutchinson, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order overruling defendants' demurrer to plaintiff's petition. The question involved is the constitutionality of chapter 186 of the Laws of 1933. The title and first two sections of this statute read as follows:

"AN ACT relating to fees and salaries of certain county officers, employees and other persons therein named, for the time, term and emergency herein provided.

"Be it enacted by the Legislature of the State of Kansas:

"SECTION 1. In lieu of the fees and/or salaries heretofore paid certain county officers and employees during the period commencing April first, 1933, and ending March thirty-first, 1935, there shall be paid to or collected by said officers and employees, the fees and/or salaries set forth and provided for in this act.

"SEC. 2. That all officers herein mentioned in all counties of this state shall receive for their services the compensation herein allowed, and no other fees, mileage, salaries, commissions, perquisites, costs or other things of value of any kind or nature whatsoever unless specifically allowed them by the terms of this act."

These are followed by a number of sections fixing the fees and salaries of county officers, the amount they shall be allowed for deputy hire, and, with respect to sheriffs, the amount they shall charge for the services required by law to be performed by them, and the mileage to be charged by them in the performance of their duty. The act does not purport to amend or repeal prior existing statutes with respect to the fees and salaries of county officers and the amounts to be charged by them for their services. Generally speaking, it reduced the compensation of county officers for the time the act was to be in effect from that provided by the general statutes (R. S. 28-101 et seq., as amended) relating to fees and salaries.

Plaintiff alleged that he was sheriff of Reno county, Kansas; that his salary under the general statutes relating to fees and salaries at the time of the enactment of chapter 186 of the Laws of 1933, was at the rate of $3,499.92 per year, and that he was entitled to mileage at the rate of ten cents per mile; that for the months from April to December, 1933, defendants refused to pay him salary at that rate, but paid him at the rate of $2,800 per year, and for his mileage at the rate of five cents per mile, as provided in chapter 186 of the Laws of 1933; that chapter 186 of the Laws of 1933 is void as being in violation, (1) of section 10 of article 1 of the constitution of the

United States; (2) of section 7 of article 15 of our state constitution; (3) of section 14 of article 2 of our constitution; and (4) of section 16 of article 2 of our constitution. He sued for $524.94, being the difference in salary under the two statutes for the months from April to December, 1933, and for an additional sum for the difference in mileage.

Defendants demurred to the petition on the ground and for the reason that it does not state facts sufficient to state a cause of action. The trial court overruled the demurrer upon the sole ground that chapter 186 of the Laws of 1933 is in violation of section 16 of article 2 of our constitution.

We shall speak of the parties as they appeared in the trial court. In this court plaintiff does not contend the statute in question should be held void as being in violation of section 10 of article 1 of the federal constitution, or of section 7 of article 15 or of section 14 of article 2 of our state constitution, hence, these contentions originally made by plaintiff may be regarded as having been abandoned. Indeed, it is at least tentatively conceded by plaintiff that his original contentions on these points previously have been decided adversely to him. Plaintiff argues, however, that the trial court correctly held the statute to be in violation of section 16 of article 2 of our constitution, which, so far as here pertinent, reads as follows:

". . . and no law shall be revived or amended, unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed."

It is argued that since the act in question does not specifically repeal previous existing sections of the statute relating to fees and salaries it fails to comply with the above-quoted section of our constitution and is therefore invalid. The point is not well taken. Statutes may be repealed by implication (*Arkansas City v. Turner, State Auditor*, 116 Kan. 407, 226 Pac. 1009). Such repeals do not come within the purview of section 16 of article 2 of our constitution. (*State, ex rel., v. Cross*, 38 Kan. 696, 700, 17 Pac. 190.) But we do not predicate our decision upon the doctrine of repeal by implication. The statute in question was not intended or designed to repeal existing statutes on fees and salaries, or any other statute. It was enacted as a temporary measure for "a term and emergency herein provided" (as the title states) and for a time "commencing April 1, 1933, and ending March 31, 1935," as provided in section 1 of the act. Its purpose was to supersede for the time stated the

general statute relating to the subject covered by the act, and was not designed to repeal it. The section of the constitution above quoted does not prohibit that class of legislation.

It is familiar law under our form of government that originally all governmental powers were vested in the people; that they surrendered a part of such powers by delegating them to the federal government when it was organized, hence, the federal government, by its constitution, is one of granted or delegated powers; that all governmental powers not so granted or delegated to the federal government were retained by the people of the respective states; that in the formation of state constitutions the people sometimes restricted the exercise of their own governmental powers in certain respects, and that the people of a state now have and may exercise all governmental powers not delegated to the federal government and in the exercise of which they have not restricted themselves by the terms of their own constitution. Among the general governmental powers retained by the people, and to be exercised by them through their legislatures, is the power to enact, amend and repeal statutes (12 C. J. 805) and to suspend for a time the operation of statutes previously enacted. In 2 Cooley's Constitutional Limitations, (8th ed.) p. 809, (7th ed.) p. 558, it is said:

"The legislature may suspend the operation of the general laws of the state; but when it does so the suspension must be general, and cannot be made for individual cases or for particular localities." (Citing cases.)

See, also, the same author, page 232: "The suspension of a statute is a legislative act."

In 59 C. J. 940 it is said:

"The suspension of a statute means a temporary stop for a time. It is a legislative act, unless based on some condition, contingency, exigency, or state of facts, declared by legislative enactment to be sufficient to warrant suspension by an executive or administrative body whose duty it is to execute or administer the law suspended; and ordinarily the legislature alone has the power to suspend the operation of a law, . . . In exercising its power of suspension, the legislature must make the suspension general. The suspension may be either express or implied. When it is not express, but only implied, it must be inferred from necessity. An act suspended for a fixed period of time becomes effective automatically, and without reënactment, on the expiration of that period."

The confusion which might arise from suspension of statutes has been recognized by the framers of the constitutions of some states. In Massachusetts, article 20 of the declaration of rights reads:

"The power of suspending the laws, or the execution of the laws, ought never to be exercised but by the legislature, or by authority derived from it, to be exercised in such particular cases only as the legislature shall expressly provide for."

For construction of this, see *In re Opinion of the Justices*, 286 Mass. 611, 191 N. E. 33. Similar provisions are found in the constitutions of Maine (Declaration of Rights, § 13), New Hampshire (Bill of Rights, art. 29), Ohio (Bill of Rights, § 18), Vermont (Declaration of Rights, art. 15), and perhaps in some other states. These declarations, however, do not differ materially from the principles of law stated by Cooley, and in 59 C. J., above quoted. Our constitution contains no specific declaration respecting authority to suspend laws, hence contains no restriction on such action, and the question in this state is governed by the general rules of law above quoted.

The time a statute is in force may be limited at the time it is enacted by fixing a date, event, or circumstance for its termination (26 A. & E. Ency. of Law, 2 ed., p. 534), and when the time so limited expires it ceases to operate (Id. p. 715). See, also, 1 Lewis' Sutherland Statutory Construction, 2d ed., § 244; 25 R. C. L. 765. When an act expires by its own limitations the effect is the same as though it had been repealed at that time. (25 R. C. L. 932.) In *Cassell, Etc., v. L., H. & P. T. R. Co.*, 10 Ky. Law Rep. 486, 9 S. W. 502, it was held that the repeal of a suspending act forthwith restores the operation of the suspended act. The suspended act, of course, is not repealed. (26 A. &. E. Ency. of Law, 2d ed. 715.) We need not examine other cases bearing upon the question; they are collected in the American Digest under "Statutes," sections 171 to 173.

Our own decisions recognize the principles above discussed. In 1895, to relieve the work of the supreme court, the legislature created the court of appeals. The act creating it (Laws 1895, ch. 96) provided the court should expire on the second Monday in January, 1901 (§ 17), and gave the court exclusive appellate jurisdiction from the final judgment of district courts in civil actions where the value or amount involved did not exceed $2,000, and in some other cases (§ 9). Effective March 22, 1901, the legislature enacted a statute (Laws 1901, ch. 278), specifically restoring to the supreme court appellate jurisdiction in all the classes of cases had by the court of appeals under the act creating it (Laws 1895, ch. 96). In an action tried in the district court final judgment was

rendered for plaintiffs for $250 on January 26, 1901. It will be noted this was after the expiration of the court of appeals and before the effective date of the act restoring appellate jurisdiction in that class of cases to the supreme court. Defendant undertook to appeal to the supreme court. A motion to dismiss the appeal was denied. In *Railway Co. v. Morris,* 65 Kan. 532, 70 Pac. 651, the court held:

"By the act of February 27, 1895 (Laws 1895, ch. 96), the general provisions of the statute then in existence conferring jurisdiction on the supreme court were not repealed, but suspended during the existence of the courts of appeals, and immediately upon the expiration of the courts of appeals such provisions became operative again."

This ruling was specifically followed and approved in *Bank v. Harding,* 65 Kan. 655, 657, 70 Pac. 647, and in *Johnson v. State,* 66 Kan. 111, 113, 71 Pac. 267. The rule there announced is particularly fitting here. Chapter 186 of the Laws of 1933 did not repeal the general statutes relating to fees and salaries (R. S. 28-101 *et seq.,* as amended), but simply suspended them, and immediately upon the expiration of that act on March 31, 1935, the general statutes pertaining to the fees and salaries of county officers again became operative. We have several other cases in which the legal principle involved has been applied. (*State v. Thomas,* 74 Kan. 360, 366, 86 Pac. 499; *State v. Prather,* 84 Kan. 169, 112 Pac. 829; *State, ex rel., v. City of Wichita,* 100 Kan. 399, 406, 164 Pac. 290; *Great Western Portland Cement Co. v. Public Service Comm.,* 121 Kan. 531, 532, 533, 247 Pac. 881; *Lemen v. Kansas Flour Mills Co.,* 122 Kan. 574, 576, 253 Pac. 547; *State, ex rel., v. Rural High-school District,* 126 Kan. 166, 267 Pac. 2; *Crawford County Comm'rs v. Radley et al.,* 134 Kan. 704, 707, 8 P. 2d 386; *Putnam v. City of Salina,* 136 Kan. 637, 641, 642, 17 P. 2d 827; *Kansas City S. Rly. Co. v. Cherokee County Comm'rs,* 138 Kan. 534, 537, 27 P. 2d 220.)

We deem it unnecessary to analyze these in detail. It is sufficient to point out that our own decisions are in harmony with the principle of law respecting the suspension of statutes hereinbefore described. They are in harmony with the ruling of the supreme court of Ohio, construing section 16 of article 2 of the constitution of that state, identical with our section 16 of article 2, which was taken literally from the Ohio constitution. (See *Kinsinger v. Bd. of Edn.,* 101 O. S. 298, 137 N. E. 874.) We are confident, also, that our conclusion is in harmony with the legislative intent and the common understanding of the people throughout this state. At the

time of the meeting of the legislature in 1933, because of a general financial depression, there was a decided disposition to limit governmental expenditures. One way to do that was to reduce salaries of public officials. Recognizing that county officials, under normal circumstances, were not overpaid, the legislature did not desire to reduce their fees and salaries permanently, and hence enacted chapter 186 of the Laws of 1933, as a temporary measure, fixing a specific time limit for its operation. It is a matter of common knowledge that it was conformed to for the time it was in effect, and immediately upon its expiration, and since then, county officers have been paid fees and salaries in harmony with the general statutes pertaining thereto. There has been no serious misunderstanding about it, either so far as the legislature, the county officers, or the general public was concerned.

In this court plaintiff has asked us to pass upon the validity of chapter 302 of the Laws of 1933. The record does not disclose that any question concerning the validity of this statute was raised or determined in the trial court, hence the validity of this statute is not before us for determination.

We see no reason to hold the law unconstitutional. Certainly it cannot be said to be in violation of section 16 of article 2 of our constitution. The result is, the judgment of the court below must be reversed with directions to sustain the demurrer to the petition. It is so ordered.