No. 32,619

C. H. Foster, *Appellant*, v. The Board of County Commissioners of the County of Harper, *Appellee*.

(55 P. 2d 349)

Opinion filed March 7, 1936.

*E. C. Wilcox* and *J. Howard Wilcox*, both of Anthony, for the appellant.
*Guy Neal*, of Anthony, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This appeal is concerned with the validity of a provision of the emergency fee-and-salary act of 1933, which temporarily superseded the preëxisting statute touching the sheriff's per diem allowance for attending the county jail.

Plaintiff was elected sheriff of Harper county at the November election in 1932 and was inducted into office in January, 1933. At that time and for many years prior thereto the statute (Laws 1913, ch. 197, § 12, R. S. 28-110) contained a provision which read:

"The sheriffs of the several counties in the state shall charge for the services required by law to be performed by them the following fees:

. . . . . . . . . . . . . . .

"For attending jail when occupied by prisoner or prisoners, per day, to belong to the sheriff ............................................... $1"

Plaintiff's charges for jail attendance were regularly paid by the defendant board of county commissioners at the statutory rate until June 1, 1933.

On April 1, 1933, an emergency statute relating to fees and salaries of county officers enacted by the legislature took effect.

(Laws 1933, ch. 186, R. S. 1933 Supp. 28-410.) It provided as follows:

"Section 1. In lieu of the fees and/or salaries heretofore paid certain county officers and employees during the period commencing April first, 1933, and ending March thirty-first, 1935, there shall be paid to or collected by said officers and employees the fees and/or salaries set forth and provided for in this act.

"Section 10. . . .

"For attending the jail when occupied by prisoner or prisoners, per day, there may be allowed by the board of county commissioners, to belong to the sheriff, one dollar."

After June 1, 1933, the sheriff's bills for jail attendance were paid by the county board at the rate of fifty cents per day.

The sheriff brought this action, pleading the material facts and prayed judgment for $122.50, being the claimed balance due him for jail attendance until February 1, 1934, about which time this action was begun.

No issue of fact was raised by the defendant commissioners. Some matters went into the record by stipulation, which may be summarized thus:

No resolution was adopted by the county board reducing the accustomed allowance of $1 per day for jail attendance.

The sheriff's bills for jail attendance itemized at $1 per day had been approved by the county attorney and audited by the county board, but only paid at half the amounts specified.

The sheriff's acceptance of those reduced allowances was not received by him in full satisfaction of his itemized charges.

The sheriff's attendance at the county jail personally or by deputy was necessary to the proper discharge of the county's business.

During the interval of present concern the county jail served also as a city jail for the city of Anthony by agreement between the city and county authorities.

Two further stipulations were added by counsel for the parties:

"1. Most of counties in the state of Kansas of size and location similar to Harper county allow $1 per day for jail fees.

"2. The evidence now available will be to the effect that $1 per day is a reasonable fee for services as jail attendant, and evidence considered introduced."

The trial court gave judgment for defendant. Hence this appeal.

Defendant first propounds the question whether the county board can change the fees of the sheriff "arbitrarily without reason or a

resolution of the board to that effect." The adverb "arbitrarily" is gratuitous. The record does not justify its use. The same remark should dispose of the phrase "without reason." There were reasons in plenty—low prices, crop failures, financial stringency and non-payment of taxes. Of such calamitous facts the defendant board, being the responsible managers of the county's fiscal affairs, were entitled to take official cognizance, as legislatures, the congress and the judicial tribunals of the states and of the nation have been repeatedly constrained to do in recent years. In the recent case of *Cunningham v. Reno County Comm'rs*, ante, p. 267, 53 P. 2d 870, where the constitutionality of this identical fee and salary act was challenged, this court said:

"At the time of the meeting of the legislature in 1933, because of a general financial depression, there was a decided disposition to limit governmental expenditures. One way to do that was to reduce salaries of public officials." (p. 272.)

The plaintiff's right to one dollar per day for jail attendance under the statute of 1913 had not been predicated on any resolution of the county board to that effect. Neither was the adoption of a formal resolution reducing the sheriff's allowance to fifty cents per day for jail attendance a prerequisite to the county board's action to that effect. The legislative alteration in the text of the pre-existing statute was plenary sanction to the county board to make an allowance for jail attendance according to the board's discretion and according to the county's financial ability to pay.

The next point discussed by appellant relates to the use of the word "may" in the act of 1933, where it is said that there *may* be allowed by the board a dollar a day for jail attendance. We quite agree that in the interpretation of statutes the word "may" sometimes means "must" (*National Bank v. City of St. John*, 117 Kan. 339, 230 Pac. 1038), but that rule does not apply when the legislature deliberately changes the statutory text of "shall" to "may" as it did in the emergency fee-and-salary act of 1933. (*Roth v. Ness County*, 69 Kan. 667, 669, 77 Pac. 694; *State v. School District*, 80 Kan. 667, 103 Pac. 136; *Gleason v. Sedgwick County*, 92 Kan. 632, 141 Pac. 584.) In 59 C. J. 1079-1082 it is said:

"As a general rule, the word 'may,' when used in a statute, is permissive only and operates to confer discretion. . . . These words ['may' and 'shall'], however, are constantly used interchangeably in statutes, and without regard to their literal meaning, . . . the court may consider the legislative history of the statute. . . . So where a section of a statute is amended by

striking out 'may' and inserting 'shall' in lieu thereof, an intent is shown to alter the directory nature of the law and render it mandatory; and, conversely, an amendment substituting 'may' for 'shall' manifests a clear intent to make the act referred to optional and permissive instead of mandatory."

The next point urged by appellant is that the county board had no discretion to allow less than a dollar per day for jail attendance if any allowance were made at all. We cannot assent to this contention. It appears to us that the legislature intentionally left this matter to the discretion of the county board to pay what they thought the county could afford to pay within the statutory limit of one dollar per day. All the facts and circumstances of current Kansas history warranted such a legislative grant of discretionary authority to the hard-pressed financial managers of our Kansas counties during the emergency interval covered by the statute of 1933. (*State v. Kelly*, 71 Kan. 811, syl. ¶ 1, 81 Pac. 450. See, also, Annotation in 70 A. L. R. 5-46.)

Another important legal question is raised by appellant, which relates to the constitutional authority of the legislature to enact a statute like the one under consideration and which was only intended to supersede the regular fee-and-salary act for the estimated period of the emergency—from April 1, 1933, until March 31, 1935, at the conclusion of which period the regular statute should come once more into full operation. That interesting question was thoroughly considered and the constitutionality of this statute as against the objection that it temporarily suspended the older enactment was upheld in *Cunningham v. Reno County Comm'rs*, ante, p. 267, 53 P. 2d 870, decided January 25, 1936.

There is no error in the record, and the judgment of the district court is affirmed.