Matthias, J.
The first assignment of error urged by appellant is that the Court of Appeals erred in remanding the cause to the Court of Common Pleas for execution of a mandate issued on December 27, 1958, commanding the performance of an act under authority of Section 3311.261, Revised Code, despite the expiration of the statute by its own terms on January 1, 1959.
That part of Section 3311.261, Revised Code, which is of immediate concern to us in relation to this assignment read as follows:
“Notwithstanding Sections 3311.22, 3311.23 and 3311.26 of the Revised Code, until January 1, 1959, a county board of education may consolidate a school district having only an elementary school or schools with one or more adjoining local, exempted village, or city school district or districts having a high school, upon receipt of a petition requesting such consolidation signed by qualified electors of the district equal in number to at least 55 per cent of the qualified electors voting at the last general election residing within such elementary school district. If such petition is signed by qualified electors of the district equal in number to at least 75 per cent of the qualified electors voting at the last general election residing within such elementary school district the county board of education shall make such transfer. Such transfer shall be subject to the approval of the board or boards of education to which the district is being transferred.”
Basically it is appellant’s contention that this was a temporary act which by its own terms terminated January 1, 1959, and that thereafter the board could exercise none of the powers or perform any of the duties set forth therein. Thus, irrespective of the fact that at the time of the filing of the petition the board had the power and duty to make the transfer, appellant claims that such power has expired and that there is no existing statute under which the court can order the board to act.
This presents the novel question as to the legal effect of a *418 termination date contained in a statute on proceedings which had been commenced during its effective period.
The General Assembly, recognizing that, the repeal or amendment of a statute was almost certain to place persons who were proceeding thereunder in a disadvantageous position, enacted Sections 1.20 and 1.21, Revised Code, which provide as follows:
Section 1.20. “When a statute is repealed or amended, such repeal or amendment does not affect pending actions, prosecutions, or proceedings, civil or criminal. When the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions, or proceedings, unless so expressed, nor does any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
Section 1.21. “When a section or an act or part thereof of the statutes of this state is repealed, such repeal does not:
“(A) Affect any rights or liabilities which exist, have accrued, or have been incurred by virtue of such section or act or part thereof;
“(B) Affect an action or proceeding for the enforcement of any rights or liabilities existing or arising thereunder;
“(C) Relieve any person from punishment for an act committed in violation of such section or act or part thereof;
“(D) Affect an indictment or prosecution for a violation of such section or act or part thereof.
“For the purposes mentioned in this section, such section or act or part thereof shall continue in full force and effect notwithstanding such repeal; provided this section does not affect the limitation of actions, prosecutions, or proceedings imposed by any other statutes of this state.”
Appellant, however, urges that a statute which terminates by its own provisions is not contemplated by the provisions of this act, and that this section ceased to exist at the termination date.
As to the institution of new proceedings under this section, appellant is correct. However, as to proceedings which had already commenced, such theory is not tenable. A transfer of *419 territory under the provisions of this act is not a matter which is concluded immediately. Involved in such transfers are adjustments of indebtedness, division of funds and approval by the board of education to which the district is being transferred. All these matters take time, and if we were to follow appellant’s theory, that at the time the statute expired all power in the boards ceased, then we would have the situation where transfers properly started could not be consummated. Such, of course, was not the intention of the General Assembly.
Repeal is defined in Bouvier’s Law Dictionary (3 Rev.) as “the abrogation or destruction of a law by a legislative act.”
In Cunningham v. Smith et al., County Commrs., 143 Kan., 267, 53 P. (2d), 870, the court said that “when an act expires by its own limitations the effect is the same as though it had been repealed at that time.”
Thus the repeal of a statute is the abrogation or destruction of the act, and whether such repeal is accomplished by the enactment of subsequent legislation or whether the effectiveness of an act terminates as a result of an expiration date contained in the act itself, the ultimate result is the same, and proceedings properly commenced under such act are subject to the saving provisions contained in Sections 1.20 and 1.21, Revised Code.
At the time the petition was filed in the present action, Section 3311.261, Revised Code, was in full force and effect, and the board had the power and the duty to make such transfer. While it is true that as to new proceedings such statute has terminated, under the provisions of Section 1.21, Revised Code, so far as the present case is concerned, Section 3311.261, Revised Code, is still in full force and effect, and an order may be made and enforced compelling the board to make the transfer. The mere fact that the board, by appeal from the order of the Court of Common Pleas commanding it to perform its mandatory duty under the statute, has so prolonged the litigation that the statute itself has terminated under its own provisions in no way affects the rights of those who properly commenced proceedings under such statute prior, to its termination date.
*420 The next two assignments of error relate to the petition appellees filed with the board and will be discussed together.
It is appellant’s contention that such petition is fatally defective in that it recites that “we, the undersigned, qualified electors of Hardin Central Local School District, Hardin County, Ohio, representing more than 75 per cent of the number of votes cast in such district at the last general election November 5, 1957,” when the last general election was actually November 4, 1958; and that the trial court erred in allowing appellees to introduce evidence to show that such signatures were of 75 per cent of those voting at the election held November 4, 1958.
Section 3311.261, Revised Code, so far as the sufficiency of the signatures on the petition is concerned, provided:
“If such petition is signed by qualified electors of the district equal in number to at least 75 per cent of the qualified electors voting at the last general election residing within such elementary school district the county board of education shall make such transfer.”
It will be noted that the requirement of the statute so far as the petition is concerned was that such petition shall contain signatures of 75 per cent of those voting at the last general election. There was no requirement that the date of such election be specified. Such designation was actually surplusage and in no way affected the validity of the petition.
This court in State, ex rel. Hanna et al., Lake County Board of Elections, v. Milburn, 170 Ohio St., 9, 161 N. E. (2d), 891, had a similar question for determination. In that case the issue was whether the fact that a candidate in his nominating petition erroneously designated the time of the commencement of the term of office for which he was running invalidated his petition. There the statute did not require the designation of a specific date of the commencement of the term but only the statement that such candidate was running “for a full” term. In determining that the insertion of the date constituted mere surplusage and in no way affected the validity of the petition, we said that “on the other hand, where the public office sought is of such a nature that it may be accurately described without *421 pin pointing the date of the commencement of the term, a slight error in the insertion of the date which does not mislead the signers of the petition does not invalidate the petition.”
We have precisely the same type of situation in the present case. The only statutory requirement was that the petition be signed by “qualified electors of the district equal in number to at least 75 per cent of the qualified electors voting at the last general election.”
The time of the last general election is a matter of common knowledge. The erroneous designation of the date of the last general election would in no way mislead either the signers of the petition or the board of elections.
The determination of whether there are sufficient signatures, is a question of fact to be determined by evidence. The trial court did not err in finding such petition valid or in the admission of evidence to determine whether the signatures thereon were of 75 per cent of those voting at the last general election.
The final error assigned by appellant is that, since appellant had first exercised jurisdiction over the territory in appellees’ local school district by commencing consolidation proceedings, it had pre-empted the field, and that under such circumstances appellees’ petition for consolidation to the city school district did not lie.
Appellant bases its argument primarily on the case of Trumbull County Board of Education v. State, ex rel. Van Wye, 122 Ohio St., 247, 171 N. E., 241.
In that case the facts are similar to but not identical with those herein. In that case the Rural Board of Education of Weathersfield Township passed a resolution to hold an election to centralize the schools in the rural district of the township. Prior to the election a petition to transfer certain territory in the township to a city school district was filed under the provisions of a section which, with one exception, was very similar to the provisions of Section 3311.261, Revised Code. This court in the Van Wye case held that the original proceedings for consolidation had pre-empted the field.
The salient difference between the statute involved in the Van ~Wye case and that in the case presently before us lies in the *422 first sentence of Section 3311.261, Bevised Code, which provided: “Notwithstanding Sections 3311.22, 3311.23, and 3311.26 of the Bevised Code, until January 1, 1959 * * This language did not appear in the' statute involved in the Van Wye case.
“Notwithstanding” is defined in Webster’s New International Dictionary (2 Ed.) as meaning “without prevention or obstruction from or by; in spite of. ’ ’ See State, ex rel. Morse, v. Christianson, 262 Wis., 262, 55 N. W. (2d), 20.
It is axiomatic in statutory construction that words are not inserted into an act without some purpose. The General Assembly enacted Sections 3311.26 and 3311.261, Bevised Code, at the same time. With full knowledge that these acts had been adopted and that conflicts might arise thereunder, the General Assembly inserted the word, “notwithstanding,” and by so doing clearly indicated its intent that proceedings under Section 3311.261, Bevised Code, should take precedence over pending proceedings previously instituted under the other enumerated sections.
Clearly, therefore, it was the legislative intent that proceedings under the provisions of Section 3311.261, Bevised Code, should take precedence over any proceedings begun under Section 3311.26, Bevised Code. In spite of the fact that proceedings had already begun under Section 3311.26, Bevised Code, when the petition was filed under the provisions of Section 3311.261, Bevised Code, a clear legal duty was imposed on the board to make the transfer.
As we find no error in the judgment of the Court of Appeals, such judgment is hereby affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taft, Bell, Herbert and Peck, JJ., concur.