No. 25,860.

C. W. McLaughlin and Maude L. McLaughlin, *Appellants,* v.
Mary McGrew and George W. McGrew, Jr., and Mary Mc-
Grew as Administratrix, etc., *Appellees.*

SYLLABUS BY THE COURT.

Judgment—*Opening Default.* The proceedings considered, and *held,* the dis-
trict court properly declined to open a default judgment on the ground the
judgment was void.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer,
judge. Opinion filed April 11, 1925. Affirmed.

*Joseph Taggart,* of Kansas City, for the appellants.

*James F. Getty, F. L. Bates,* and *J. L. Smalley,* all of Kansas City, for
the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one to set aside a default judgment.
Plaintiffs were defeated, and appeal.

The petition alleged the default was taken contrary to an agree-
ment that nothing should be done in the case pending negotiations
looking to a settlement. There was conflicting evidence bearing
on the issue thus tendered, and the finding implied by the judg-
ment is conclusive. In the course of the trial it became apparent
the proposed ground for opening the default might not be estab-
lished, and plaintiffs were permitted to contest the judgment on the
theory it was void.

C. W. McLaughlin and McGrew Bros., a partnership composed
of George W. McGrew and Homer A. McGrew, purchased an
addition to the city of Kansas City, called Kerwood, which had
been platted by the owner, Kerr. Title was taken, for convenience,
in the name of an investment company, which, by agreement, con-
veyed to George W. McGrew. The addition was subject to a mort-
gage for $3,000 given by Kerr. McLaughlin and the McGrews
assumed the mortgage as part of the purchase price, the remainder
of which was paid in cash. In July, 1909, McLaughlin and the
McGrews executed an instrument which, after reciting purchase of
the property and conveyance to the investment company and then
to George W. McGrew, read as follows:

"Now therefore, it is hereby agreed by and between the said parties, and

22—118 Kan.

the said George W. McGrew does hereby make known, admit and declare, that said above-described real estate was purchased by and for all of said parties as above stated; and the purchase money therefor paid and assumed by said parties as above set out; and that each of said parties are entitled to and are owners of said described real estate in the proportions above set out; that is to say, the said McGrew Bros. an equal undivided one-half thereof, the said C. W. McLaughlin an equal undivided one-half thereof; and said title of Kerwood is now held in trust for all of said parties, respectively, in the proportions above stated.

"It is hereby further agreed that McGrew Bros. are to have the exclusive sale of said addition, and are to receive a commission of ten (10) per cent for sales in said addition; and that said parties above named are to share the expense of handling said addition.

"McGrew Bros. hereby agree to pay over unto the said C. W. McLaughlin one-half of all proceeds arising from the sale of said described real estate or any portion thereof, less ten (10) per cent commissions and less one-half of the expense of handling the addition."

The parties operated under this instrument until August, 1912, when the unsold lots of the addition were divided between McLaughlin and George W. McGrew, who had succeeded to the interest of McGrew Bros. Title to the lots set off to McLaughlin was taken in his wife's name, but he was in fact owner. In handling the property, houses were erected and rented, lots were sold, and money was received and expended. The accounts of the parties became involved, and but one settlement was effected. Another settlement was partially completed when the unsold lots were divided, but was never concluded, and McGrew commenced the action in which the default judgment was rendered. The petition alleged that when the amount due on the mortgage had been reduced to $227.33, McGrew paid that sum to the mortgagee, and took an assignment of the note and mortgage. It was further alleged that, aside from the final payment, McGrew paid more than his proportion of the mortgage indebtedness, the overpayment being due in part to a pleaded mistake in the first settlement. The amount stated to be due McGrew from McLaughlin on account of these items was $660.95, and subrogation to rights of the mortgagee was claimed. The prayer was for judgment against McLaughlin for $660.95 and interest, for a first lien on the lots deeded to Mrs. McLaughlin, for foreclosure of the mortgage, and for sale of the McLaughlin lots to satisfy the lien. The court found generally for McGrew, found the sum prayed for was due from McLaughlin, found that on account of the mortgage McGrew had a first lien on the lots, and rendered judgment according to the prayer

of the petition. By a mistake, which has been corrected, the money judgment was extended to include Mrs. McLaughlin, who, as holder of the record title, was made a party to the suit.

The McLaughlins assert the default judgment was void, for a number of reasons. It is said that McGrew and McLaughlin were partners, not tenants in common; that when McGrew paid the balance due on the note, the note was discharged, and the assignment of the note and mortgage was nugatory; that McGrew was not entitled to subrogation; that in no event could McGrew have subrogation beyond the amount of the final payment on the note; and that, whatever the rights of McGrew against McLaughlin, no lien could be imposed on the McLaughlin lots. It is not necessary to discuss soundness of these contentions. The court in which the action was brought was a court of general jurisdiction, vested with power to adjudicate controversies of the character indicated by the contentions. The McLaughlins were personally served with summons. The petition contained a statement of facts and a prayer which challenged attention of the court to its merits. Judicial action on the petition was invoked, and the court was obliged to make a decision. Jurisdiction to decide was the same whether the McLaughlins appeared or defaulted, and whether the court decided for or against them. Assuming that under well-settled principles of law McGrew was not entitled to the relief granted him, the judgment was merely erroneous, not void, and was conclusive upon the parties unless corrected by appeal.

The judgment of the district court is affirmed.