No. 47,537

Maria C. Garcia, *Appellant*, v. Southwestern Bell Telephone Company, *Appellee*.

(533 P. 2d 1242)

Opinion filed April 5, 1975.

*J. Stephen Nyswonger*, of Braun & Nyswonger, of Garden City, argued the cause, and *Lelyn J. Braun*, of the same firm, was with him on the brief for the appellant.

*Durward D. Dupre*, of Topeka, argued the cause, and *T. Larry Barnes*, of Southwestern Bell Telephone Company, of Topeka, and *Philip McConnell*, of the same firm, were with him on the brief for the appellee.

*Per Curiam:* This is an appeal from an action brought by Maria C. Garcia (plaintiff-appellant) against Southwestern Bell Telephone Company (defendant-appellee) for the recovery of damages for trespass and invasion of privacy and for punitive damages.

The facts are not in dispute. Appellee's employee (who had been on the job one week) had been directed to remove a telephone service from apartment "B" in an apartment complex located in Wichita, Kansas. Since no one was home and the door was locked, he attempted to enter through a window in what he thought to be the correct apartment. The window, however, belonged to apartment "D" which was occupied by the appellant and her small child who were asleep in a bed near the window. The employee removed the screen from the window, raised the window and pushed the venetian blind inward in an effort to ascertain whether the apartment was vacant. In doing so he struck several items of personal property, including a clock radio which fell on the appellant and her child and was damaged to the extent of $27.50. The appellant saw the employee's arm inside the window and was disturbed and frightened. The appellant alleged in her petition that the employee's acts constituted a trespass and an invasion of privacy which caused the appellee mental anguish. She sought actual damages for medical and psychiatric treatment, past and future, $35 for repairs to the radio and $500,000 punitive damages.

The case was tried to the court. At the conclusion of her evidence, the appellant asked permission to amend her petition to

increase the amount of actual damages sought by $5,000 for mental anguish suffered as a result of the employee's intrusion. The court sustained an objection to the amendment on the grounds that it was too late in the proceedings to allow such a material alteration of the petition.

The appellant was awarded a judgment for $727.50 and costs, $27.50 being for damages to the radio. The trial court found there was no basis for holding appellee liable for punitive damages.

The appellant asserts on appeal that the trial court erred in refusing to allow her to amend her petition, and in not awarding punitive damages.

With reference to the first point, amendments after the commencement of the trial are within the discretionary powers of the court; the allowance or denial of an amendment will not constitute grounds for reversal unless it affirmatively appears that the substantial rights of the adverse party were affected by the trial court's ruling, and further that the ruling was a clear abuse of discretion. (*Hass v. Preferred Risk Mutual Ins. Co.*, 214 Kan. 747, 522 P. 2d 438; and *Commercial Credit Corporation v. Harris,* 212 Kan. 310, 510 P. 2d 1322.) The appellant has not attempted to show that her substantial rights were affected by the court's ruling. Having reviewed the record, we are unable to conclude the trial court abused its discretion by refusing to allow the requested amendment at this stage of the proceedings. (K. S. A. 1974 Supp. 60-215.)

We cannot agree with appellant's argument that the award of actual damages made mandatory an award of punitive damages. Assuming that the trial court awarded the appellant actual damages as opposed to nominal damages, there is no rule of law that the awarding of actual damages requires an award of punitive damages. Punitive damages are not an automatic, mandatory result of actual damages even when recklessness is shown. While punitive damages are generally held to be allowable if the prerequisites are shown (*Sweaney v. United Loan & Finance Co.*, 205 Kan. 66, 468 P. 2d 124), the trial court in the instant case did not feel that the appellant's evidence was sufficient to warrant awarding punitive damages against the appellee. We find no error.

The judgment of the lower court is affirmed.

FROMME, J., not participating.