No. 49,623

HAYSVILLE STATE BANK, A CORPORATION, *Appellant,* v. DALEEN
MARIE HAUSERMAN, *et al., Appellees.*

(594 P.2d 172)

Opinion filed May 5, 1979.

*James R. Hanson,* of Boyer, Donaldson & Stewart, of Wichita, argued the cause, and *Martin R. Ufford,* of the same firm, was with him on the brief for the appellant.

*Lynn D. Allison,* of Vaughn, Updegraff, Allison and Holloway, of Wichita, argued the cause and was on the brief for the appellee, Daleen Marie Hauserman.

The opinion of the court was delivered by

MCFARLAND, J.: This is an appeal from a summary judgment entered in favor of defendant Daleen Marie Hauserman (hereinafter referred to as Daleen). Plaintiff Haysville State Bank (hereinafter referred to as Bank) appeals.

The complex factual situation will be simplified as much as possible. The parents of Daleen were engaged in farming and owned certain farm land. Prior to all events herein, they conveyed the real estate to their son, who in turn conveyed it to his sister, Daleen. On August 2, 1971, the parents were indebted to the plaintiff Bank in the principal amount of $61,360. The parents were desirous of obtaining additional credit from the Bank, but further security was needed. On the same date, to facilitate the extension of credit to her parents, Daleen executed three documents in favor of the Bank: a promissory note for $25,000; a second mortgage on the real estate in the amount of $25,000; and a continuing guaranty agreement guaranteeing payment of the parents' indebtedness not exceeding $25,000. These three documents related to the same $25,000. The note and mortgage were security for the guaranty which was to assist the parents in

securing additional credit. There is a factual dispute as to how the transaction was handled, but for purposes of appellate review this court must accept the Bank's version as correct. Daleen did not receive any funds directly from the Bank, and additional credit was extended to the parents.

By August 16, 1972, the parents' indebtedness to the Bank had increased to $118,298.35. Between September 7, 1972, and November 1, 1973, Daleen was personally advanced money on ten promissory notes, all of which have been repaid. The parents' indebtedness went into default and on September 24, 1974, the Bank filed an action against the parents for $126,345.12 (Case No. 20,139). By this action the Bank sought, among other things, to foreclose its security interest in certain cattle and equipment. Pursuant to court order the cattle were sold for $24,000 and the equipment was sold for $7,000. The proceeds from both sales were impounded.

On November 13, 1974, Daleen moved to intervene in Case No. 20,139 as a party plaintiff to assert an agister's lien against the impounded proceeds of the cattle sale. The motion to intervene was granted and Daleen filed her petition against her parents on January 30, 1975.

While Case No. 20,139 was still pending, the Bank, on August 10, 1976, filed the instant action (Case No. 20,589) against Daleen on her $25,000 promissory note and mortgage (due date on both being August 2, 1976). Daleen filed her answer on September 10, 1976, denying the consideration for same was money advanced to her parents and alleging payment of sums due.

On October 26, 1976, judgment was entered in favor of the Bank for $126,345.12 in Case No. 20,139. Trial of Daleen's intervenor petition was had on November 4, 1976, and her agister's lien in the amount of $5,120 was held on November 30, 1976, to be a first and prior lien on the impounded cattle sale proceeds. No appeal was taken from the judgment in Case No. 20,139.

At a pretrial conference of the case herein on February 14, 1977, the Bank's petition was amended to include the guaranty agreement. On March 1, 1977, Daleen filed her amended answer alleging the action on the guaranty agreement was barred as the guaranty was a compulsory counterclaim which should have been asserted in Case No. 20,139. The trial court, on October 24, 1977, granted summary judgment to Daleen, determining that the

action was one to enforce the guaranty agreement; that such guaranty agreement should have been asserted in Case No. 20,139 as a compulsory counterclaim and was now barred; and that the real estate mortgage should be released of record. From this judgment the Bank appeals.

The first issue on appeal is whether the guaranty agreement was a compulsory counterclaim that should have been asserted in the prior action (Case No. 20,139).

K.S.A. 60-213(a) provides:

"(a) *Compulsory counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction; but the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon such party's claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any other counterclaim under this section."

Failure to plead a compulsory counterclaim in response to a claim bars a party from later bringing an independent action on the counterclaim. *Stock v. Nordhus,* 216 Kan. 779, 533 P.2d 1324 (1975).

In determining this issue we must analyze the prior case (No. 20,139). In that action:

1. Plaintiff Bank brought an action against Mr. and Mrs. Hauserman (parents of Daleen) on indebtedness in the amount of $126,345.12, plus interest. No real estate was involved in the action. The indebtedness was principally unsecured, although some $31,000 of secured personal property was involved.

2. No counterclaim was filed by the defendant parents.

3. Daughter Daleen, the Board of County Commissioners of Wilson County, and the First National Bank of Fredonia each intervened in the action to enforce liens on the personal property.

4. Plaintiff Bank and the three intervening party plaintiffs were pursuing their individual claims against the proceeds of the personal property and no cross-claims were filed among the group.

5. The lien of Daleen was to enforce an agister's lien for the pasturage of the cattle that had been sold. The period of time involved in the contract for pasturage was from April 1, 1974, to

October 1, 1974. The pasturage contract came into being almost three years after the guaranty agreement (secured by real estate mortgage and promissory note) was executed, and was unrelated thereto.

The trial court in the case before us held that the guaranty agreement should have been asserted as a compulsory counterclaim in the prior action. Since it was not so asserted, the trial court held the action on the guaranty agreement was barred, which also barred the action as to the promissory note and real estate mortgage given as security therefor.

Under K.S.A. 60-213(*a*) an "opposing party" must be one who has asserted a claim against the prospective counterclaimant. The very concept of a counterclaim presupposes the existence or assertion of a claim against the party filing it. *Kauffman v. Kebert,* 16 F.R.D. 225 (W.D. Pa. 1955); *Kearney v. A'Hearn,* 210 F. Supp. 10, 20 (S.D.N.Y. 1962), *aff'd* 309 F.2d 487 (2d Cir. 1962). In the prior case Daleen was not asserting a claim against the Bank and was not an "opposing party" as contemplated by K.S.A. 60-213(*a*). We therefore hold the trial court herein erred in entering summary judgment for Daleen on the ground the guaranty agreement was a compulsory counterclaim that should have been asserted in the prior case. By virtue of this determination it is not necessary to decide whether the claims arise out of the same transaction or occurrence.

The plaintiff Bank, on appeal, next seeks this court's determination that: (1) Daleen Marie Hauserman is indebted to the plaintiff on her promissory note dated August 2, 1971; and (2) the mortgage given by Daleen Marie Hauserman is subject to foreclosure although the actual funds secured thereby were advanced to her parents. These issues, relating to the security for the guaranty agreement, were not determined by the trial court when it granted summary judgment to Daleen on the ground the action on the guaranty agreement itself was barred. The issues are prematurely raised on appeal and must of necessity be determined by the trial court on remand of the case.

Other points raised need not be considered by virtue of the results reached herein. The judgment is reversed and the case is remanded.