(675 P.2d 906)
No. 55,538

OLETA BANISTER, *Appellant,* v. DR. JOHN C. CARNES, *Appellee.*

Opinion filed December 29, 1983.

*Ira Dennis Hawver,* of Hawver & Irigonegaray, P.A., of Topeka, for the appellant.

*Wayne T. Stratton,* of Goodell, Stratton, Edmonds, Palmer & Wright, of Topeka, for the appellee.

Before FOTH, C.J.; TERRY L. BULLOCK, District Judge, Assigned; and FREDERICK WOLESLAGEL, District Judge, Retired, Assigned.

BULLOCK, J.: On May 22, 1980, Dr. John C. Carnes, a dentist, filed suit in the Shawnee County small claims court against Oleta Banister for the recovery of $485.25 plus costs and interest, allegedly owed for professional services Dr. Carnes had provided to Mrs. Banister. Mrs. Banister was served with process and summoned to appear in small claims court.

At that same time Mrs. Banister was consulting with an attorney regarding a possible malpractice suit against Dr. Carnes and she notified this attorney of the small claims action. Mrs. Banister did not at any time file a counterclaim in the small claims

court against Dr. Carnes. On July 20, 1980, default judgment was taken by Dr. Carnes against Mrs. Banister.

Over a year later, on September 8, 1981, Mrs. Banister filed a petition in this action alleging malpractice. In her petition, Mrs. Banister alleged that Dr. Carnes' acts of negligence occurred during a period from March of 1980 until November of 1980.

On April 7, 1982, the deposition of Mrs. Banister was taken. At that time it was clarified that the dates in Mrs. Banister's petition were incorrect. Mrs. Banister testified that she was seeking recovery for alleged negligence which occurred during the period from March of 1979 to November of 1979. At that time Dr. Carnes' counsel raised the issue of the default judgment in small claims court.

On May 27, 1982, Mrs. Banister returned to small claims court and sought to have the default judgment set aside. On June 30, 1982, the small claims court denied the motion. Dr. Carnes then filed a motion for summary judgment in the case at bar alleging that Mrs. Banister's action was barred by res judicata and estoppel. In reply, Mrs. Banister argued that those affirmative defenses could not be raised because Dr. Carnes had failed to allege them in his answer. Mrs. Banister did not, however, controvert the fact that her claim arose from the same transactions and occurrences which had given rise to Dr. Carnes' suit in small claims court for the recovery of fees or that she had failed to raise a counterclaim in small claims court.

Dr. Carnes promptly filed a motion seeking permission to amend which was granted. The trial court then sustained Dr. Carnes' motion for summary judgment, adopting a four-step analysis: (1) Under the Kansas Small Claims Procedure Act, any claims of a defendant which arise from the same transactions and occurrences as does the plaintiff's action are compulsory counterclaims; (2) the failure to bring a compulsory counterclaim results in that defendant's claim being barred by res judicata or estoppel; (3) Mrs. Banister's claims of malpractice arose from the same transactions and occurrences as did Dr. Carnes' claims for unpaid fees; and (4) Mrs. Banister's failure to raise the compulsory counterclaim barred her subsequent malpractice action. Mrs. Banister appeals urging that res judicata and estoppel should not apply to small claims judgments; that the Small Claims Procedure Act does not provide for compulsory coun-

terclaims or, if it does, that it should not be enforced against "counsel-less" parties; that a malpractice claim is not a compulsory counterclaim to an action for recovery of professional fees; that the bar of estoppel should not apply to default judgments; and the court should not have allowed Dr. Carnes to amend his answer in order to assert res judicata and estoppel.

In our view of this case the ultimate issue, whether Mrs. Banister's malpractice action is barred by Dr. Carnes' judgment for fees, turns on the language of the small claims counterclaim statute. Accordingly, we begin with a consideration of that statute, which provides:

"The only pleading required in an action commenced under this act shall be the statement of plaintiff's claim . . . except that a defendant who has a claim against the plaintiff, which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim, *shall* file a statement of his or her claim on the form prescribed by this act." K.S.A. 61-2705. Emphasis added.

The form which is prescribed by the act is the Defendant's Claim form. K.S.A. 1982 Supp. 61-2713(*c*). This form, which was served upon the plaintiff, states:

"1. As stated in the Summons, if you have a claim against the plaintiff which arises out of the [same] transaction or occurrence which is the subject of plaintiff's claim, you *must* state your claim in the space provided below." Emphasis added.

The summons states:

"If you have a claim against the plaintiff, which arises out of the transaction or occurrence which is the subject of plaintiff's claim, you *must* complete the form for 'Defendant's Claim' which accompanies this summons, and return it to the judge or clerk of the court on or before the time set for the trial." K.S.A. 1982 Supp. 61-2713(*b*). Emphasis added.

It is well recognized that the words "shall" and "must" impose an affirmative obligation to which discretion does not apply. 82 C.J.S., Statutes § 380; see *Foster v. Harper County Comm'rs*, 143 Kan. 361, 363-64, 55 P.2d 349 (1936).

Thus, the language of the statute makes compulsory those counterclaims which arise out of the same transaction and occurrence. The defendant *must* raise the issue at the small claims level. This is not to say that the issue will always be litigated at the small claims level. In fact, a separate suit can be brought under some circumstances, but only if the defendant has preserved the counterclaim in the small claims action:

"Whenever a defendant asserts a claim beyond the scope of the court's small claims jurisdiction, but within the scope of the court's general jurisdiction, the court may determine the validity of defendant's entire claim. If the court refuses to determine the entirety of any such claim, the court must allow the defendant to: (1) Make no demand for judgment and reserve the right to pursue his or her entire claim in a court of competent jurisdiction; (2) make demand for judgment of that portion of his or her claim not exceeding five hundred dollars ($500) and reserve the right to bring an action in a court of competent jurisdiction for any amount in excess thereof; or (3) make demand for judgment of that portion of his or her claim not exceeding five hundred dollars ($500) and waive his or her right to recover any excess." K.S.A. 1982 Supp. 61-2706(b).

Parenthetically, it should be noted that the small claims court's general jurisdiction, as referred to in 61-2706(b) extends to actions for recovery of money or personal property except assigned claims, a claim owed to someone other than the plaintiff and subrogation claims. K.S.A. 1982 Supp. 61-2703(a). A malpractice action is one for recovery of money and does not fall within any of the exceptions. Therefore, Mrs. Banister's counterclaim was within the small claims court's general jurisdiction.

Obviously, the Kansas legislature contemplated the possibility that a counterclaim might exceed the monetary jurisdiction of the small claims court. Through K.S.A. 1982 Supp. 61-2706, the legislators made provision for this possibility and created a mechanism whereby defendants could preserve those counterclaims. Thus, in the case at issue, if Mrs. Banister did not want to pursue her malpractice claim in the small claims court she could have simply filed her counterclaim, thereby triggering the relief prescribed in 61-2706. Mrs. Banister, however, took no action.

Mrs. Banister now asks this court to excuse her inattention to the small claims action because, she argues, a layperson could not be expected to understand the language of the small claims summons or defense form. We note that the statutory "Defendant's Claim" form is very explicit in stating that if a defendant wants more than $500.00 from the one who brought the suit, the defendant must take steps to preserve that claim.

Whatever Mrs. Banister's understanding, it is the role of the court to enforce the legislative intent as made apparent from the language of the statute. See, *e.g., Board of Education of U.S.D. 512 v. Vic Regnier Builders, Inc.,* 231 Kan. 731, 648 P.2d 1143 (1982); *Baker v. R. D. Andersen Constr. Co.,* 7 Kan. App. 2d 568, 644 P.2d 1354 (1982).

An important rule of statutory construction used to determine

legislative intent is that identical words or terms used in different statutes on a similar subject are interpreted to have the same meaning in the absence of anything in the context to indicate that different meaning was intended. *Callaway v. City of Overland Park*, 211 Kan. 646, 508 P.2d 902 (1973). This rule leads us to examine the counterclaim statute for chapter 60 actions.

"A pleading shall state as a counterclaim any claim . . . if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." K.S.A. 60-213(*a*).

As the heading of K.S.A. 60-213(*a*) indicates (*"Compulsory counterclaims"*), the language that the defendant *shall* state a claim arising out of the same transaction or occurrence makes the counterclaim compulsory. Similarly, K.S.A. 61-2705 states that "a defendant who has a claim against the plaintiff, which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim, shall file a statement of his or her claim on the form prescribed by this act."

In contrast, the Code of Civil Procedure for Limited Actions makes the filing of some counterclaims discretionary. K.S.A. 61-1790 provides that "[u]pon timely application of the plaintiff and in the discretion of the court, a defendant *may* be required to plead *any* counterclaim . . . ." Emphasis added. See *Stanturf v. Quality Dodge, Inc.*, 3 Kan. App. 2d 485, 487, 596 P.2d 1247 (1979).

In our view, the permissive nature of section 61-1790 is in sharp contrast to the compulsory nature of section 60-213(*a*) and section 61-2705 and underlines the legislature's clear intent to provide for compulsory counterclaims in the Small Claims Procedure Act.

The effect of a compulsory counterclaim provision is clear and well established. As is explained by Judge Gard:

"[T]he assertion of counterclaims and setoffs by way of answer, if they arise out of the transaction or occurrence that is the subject of the plaintiff's claim, is *mandatory.* Failure to assert results in an estoppel or bar." 1 Gard's Kansas C. Civ. Proc. § 60-213(a) at 77.

The Kansas appellate courts have repeatedly held that where a counterclaim is compulsory, "the failure to plead it in response to a claim bars a party from later bringing an independent action on the claim . . . ." *Stock v. Nordhus*, 216 Kan. 779, 781,

533 P.2d 1324 (1975). See also *First Nat'l Bank of Olathe v. Clark,* 226 Kan. 619, 602 P.2d 1299 (1979); *Haysville State Bank v. Hauserman,* 225 Kan. 671, 594 P.2d 172 (1979); *Taber v. Taber,* 213 Kan. 453, 516 P.2d 987 (1973).

In summary, we conclude that the small claims counterclaim statute, K.S.A. 61-2705, is compulsory in nature and the failure of a defendant to timely assert such a counterclaim results in a bar of that claim in a subsequent action.

Two final matters require brief comment. First, Mrs. Banister suggests that her malpractice action should not be barred because the small claims judgment in favor of Dr. Carnes was taken by default. We cannot agree. Our Supreme Court has repeatedly held that a party may not collaterally attack a default judgment. For example, in *City of Eudora v. French,* 204 Kan. 258, 265, 461 P.2d 762 (1969), the court stated:

"Where, as here, a court has jurisdiction of the parties to the action and of the subject matter, and renders a judgment within its competency, even if erroneous, that judgment is final and conclusive unless corrected or modified on appeal or by such other method as may be prescribed by statute and it may not be collaterally attacked otherwise."

See also *State, ex rel., v. Showalter,* 189 Kan. 562, 370 P.2d 408 (1962); *Miller v. Miller,* 107 Kan. 505, 192 Pac. 747 (1920); *In re Estate of Johnson,* 180 Kan. 740, 746, 308 P.2d 100 (1957); *McLaughlin v. McGrew,* 118 Kan. 337, 234 Pac. 1002 (1925).

The general rule in other jurisdictions is in accord:

"[L]ike a judgment rendered after contest, a judgment by default precludes the maintenance of an action on a claim which was available as a setoff or counterclaim in the previous action in which the judgment was rendered, where the counterclaim or setoff is compulsory in nature . . . ." Annot., 77 A.L.R.2d 1410, § 9 (1961).

Further, the learned treatises also recommend the adoption of the "estoppel by rule" approach which Professor Wright, in his many writings on compulsory counterclaim rules, has stated to be the soundest and most valuable approach. Wright, *Estoppel by Rule: The Compulsory Counterclaim Under Modern Pleading,* 38 Minn. L. Rev. 423, 429-30 (1954). See also Kennedy, *Counterclaims Under Federal Rule 13,* 11 Hous. L. Rev. 255 (1974).

Second, Mrs. Banister contends Dr. Carnes waived his defenses of estoppel and res judicata and that the trial court should

not have allowed Dr. Carnes to amend his pleading later to allege them.

K.S.A. 60-215(*a*) allows a party to amend a pleading within twenty days after it has been served.

"Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." K.S.A. 60-215(*a*).

Based on this provision, the defendant requested permission to amend his answer. The proposed amended answer differed from the original action in only one way: the amended answer alleged the affirmative defenses of K.S.A. 60-208(*c*), specifically, the defenses of estoppel and res judicata.

As noted before, from the face of the plaintiff's petition it appeared that plaintiff's cause of action was based on different transactions and occurrences than Dr. Carnes' action in small claims court since plaintiff alleged the malpractice occurred in 1980, after Dr. Carnes' small claims action was initiated. In plaintiff's answers to interrogatories there was an indication that the plaintiff was actually complaining of treatment received in 1979 rather than 1980. In fact, it was not made clear until the plaintiff's deposition that she was confused as to the dates and had pleaded the wrong year in her petition. Upon hearing this testimony, Dr. Carnes' lawyer immediately pointed out during the deposition that a default judgment had been taken in small claims court. Mrs. Banister then returned to small claims court and sought to set aside the small claims judgment. On June 30, 1982, the small claims court overruled Mrs. Banister's motion. Shortly after the appeal time had expired, Dr. Carnes presented the issue of res judicata and estoppel to the trial court. In response, Mrs. Banister objected to the summary judgment because neither res judicata nor estoppel had been pleaded. The defendant then sought to amend his answer. Hence, although the defenses of res judicata and estoppel were not immediately raised by the defendant, Mrs. Banister was advised of the defense and even took action to negate the defense as soon as it became apparent that this action related to the same transactions and occurrences as had Dr. Carnes'. Thus, even though the defense was not pleaded in the original answer, it was brought to plaintiff's attention as soon as the discrepancy in dates was made obvious.

Under these facts we can find no waiver of defenses by Dr. Carnes and no abuse of discretion on the part of the trial court in allowing the amendment. See *Prather v. Colorado Oil & Gas Corp.*, 218 Kan. 111, 542 P.2d 297 (1975); *Walker v. Fleming Motor Co.*, 195 Kan. 328, 404 P.2d 929 (1965); *Thurman v. Cundiff*, 2 Kan. App. 2d 406, 580 P.2d 893 (1978); *Garcia v. Southwestern Bell Tel. Co.*, 216 Kan. 591, 533 P.2d 1242 (1975).

No error appearing, the judgment of the trial court is affirmed.