Michelle M. Suter DeSoto City Attorney City Center Square 1100 Main, Suite 2001 Kansas City, Missouri 64105
Dear Ms. Suter:
You request our opinion regarding city annexation of land devoted to agricultural use. Specifically, you inquire whether a city may annex land that has a common perimeter with the city boundary line if the land is devoted to agricultural use. You also inquire whether the definition of "land devoted to agricultural use" in K.S.A. 12-519(f) requires that the goods produced on the land be for commercial sale.
K.S.A. 1994 Supp. 12-520(a) provides, in relevant part, as follows:
 "(a) Except as hereinafter provided, the governing body of any city, by ordinance, may annex land to such city if any one or more of the following conditions exist:
 "(1) The land is platted, and some part of the land adjoins the city.
 "(2) The land is owned by or held in trust for the city or any agency thereof.
. . . .
 "(4) The land lies within or mainly within the city and has a common perimeter with the city boundary line of more than 50%.
. . . .
 "(b) No portion of any unplatted tract of land devoted to agricultural use of 21 acres or more shall be annexed by any city under the authority of this section without the written consent of the owner thereof." (Emphasis added.)
K.S.A. 12-519(f) states:
 "(f) `Land devoted to agricultural use' means land which is devoted to the production of plants, animals or horticultural products, including but not limited to: Forages; grains and feed crops; dairy animals and dairy products; poultry and poultry products; beef cattle, sheep, swine and horses; bees and apiary products; trees and forest products; fruits, nuts and berries; vegetables; or nursery, floral, ornamental and greenhouse products. Land devoted to agricultural use shall not include those lands which are used for recreational purposes, suburban residential acreages, rural home sites or farm home sites and yard plots whose primary function is for residential or recreational purposes even though such properties may produce or maintain some of those plants or animals listed in the foregoing definition."
K.S.A. 1994 Supp. 12-520(a)(4), commonly known as the perimeter rule, was enacted in 1967 to allow cities to annex land with which they shared a common perimeter. Responding to criticism from farmers that the perimeter rule was enabling cities to annex farm land indiscriminately in order to increase a city's tax base and protect future expansion needs, an interim legislative committee recommended to the 1974 legislature that the annexation of agricultural land be restricted. Report of Special Committeeto the 1974 Kansas Legislature, Proposal 92 (November, 1973). The legislature responded by amending K.S.A. 12-520 to prohibit the annexation of an unplatted tract of land used for agricultural purposes in excess of 55 acres. "Agricultural purpose" was defined as the "planting, cultivation and harvesting of crops and/or raising and feeding of livestock for profit." In 1987 the legislature reduced the agricultural acreage from 55 to 21 and the definition of agricultural use was changed to be consistent with the property tax definition at K.S.A. 79-1476.Report on Kansas Legislative Interim Studies to the 1986Legislature — Proposal No. 45, pp. 713, 727 (December, 1985).
The legislative history of K.S.A. 12-520 reveals a clear intent to protect from annexation land that is devoted to agricultural use even though the land has a common perimeter with the city. Therefore, it is our opinion that a city may not annex any portion of an unplatted tract of land devoted to agricultural use of 21 acres or more without the owner's consent even though the land has a common perimeter with the city boundary line of more than 50%.
Concerning your query whether the definition of "land devoted to agricultural use" in K.S.A. 12-519(f) requires that the goods produced on the land be for commercial sale, we note that the 1974 definition of agricultural purpose required that the crops produced on the land and the raising of livestock be for profit. However, as we have previously indicated, this definition was changed in 1987 to conform to K.S.A. 79-1476.
In Board of Johnson County Comm'rs v. Smith, 18 Kan. App. 2d 662
(1993), the court interpreted K.S.A. 79-1476 in the context of property appraisal and concluded that the economic viability of the property is not a factor in determining whether land is devoted to agricultural use.
 "Additionally, petitioners seek to add current economic viability as well as alternative uses for the property as factors to be used when determining whether the land is "devoted to" agricultural use. Arguably, if this standard were adopted, few family farms would survive the classification process. Much of the farm land located on the outskirts of Kansas City, whether or not those farms have existed for long periods or have been recently established, could be developed for more profitable uses than farming. However, the statute does not establish this as a factor in the definition of `land devoted to agricultural use.'
 "An often quoted phrase of statutory construction is expressio unius est exclusio alterius, i.e., the inclusion of one thing implies the exclusion of another. The legislature has defined the phrase `land devoted to agricultural use' in broad terms and in the absence of evidence of a contrary intent, this court will not impose a more narrow definition. Pursuant to the statute, if the land is used in the production of one of the items listed and is not used for rural or farm homesites, or suburban residential or recreational purposes, the land is properly classified as agricultural." (Citation omitted.)
The definition in K.S.A. 12-519(f) is identical to K.S.A. 1994 Supp. 79-1476, as amended by L. 1995, ch. 254, sec. 6 and, therefore, we interpret both provisions to have the same meaning in the absence of anything in context which indicates that different meanings were intended. Banister v. Carnes,9 Kan. App. 2d 133 (1983). Taking into consideration the deletion of the "for profit" language by the 1987 legislature and the Smith
case, it is our opinion that K.S.A. 12-519(f) does not require that the items produced on the land be for commercial sale.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm